UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZURICH AMERICAN INS. CO. ET AL.                CIVIL ACTION

VERSUS                                          NO. 14-2522

SDT, INC. ET AL.                                SECTION "L" (2)

## ORDER AND REASONS ON MOTIONS

Although framed in terms of five separate Louisiana state law causes of action, this is essentially an action brought under the court's diversity jurisdiction to collect amounts allegedly due and owing as a result of breach of contract. Plaintiffs (collectively "Zurich") are insurance companies that seek to recover almost $500,000.00, Record Doc. No. 1 (Complaint at ¶¶ 14-19), in amounts they claim are owed by defendants, SDT, Inc. and Progressive Waste Solutions of LA, Inc., two garbage collection and waste management companies.

Zurich alleges that the amounts are owed for premiums and "deductible obligations" owing under certain policies originally issued to defendant SDT. Id. at ¶ 9. Zurich specifically alleges that "Progressive Waste is the successor to SDT . . . (an inactive Louisiana limited liability company) by way of merger. As such, Progressive Waste is liable for the debts of SDT. . . ." Id. at ¶ 5. In their answer, defendants flatly deny the allegations of corporate successor liability. Record Doc. No. 26 (Answer at p. 3, ¶ V). Thus, the question of successor liability and the specifics and effects of the alleged "merger" between SDT and Progressive are squarely at issue in the pleadings that frame the claims and defenses in this case.

The transaction constituting the alleged "merger" of the two defendants is apparently the subject of a Purchase and Sale Agreement document that has already been the subject of discovery in this case. However, defendants produced the document to plaintiffs in heavily redacted form.

Zurich has now filed a motion to compel production of the document without redactions. Record Doc. No. 60. Defendants filed a timely opposition memorandum. Record Doc. No. 66. They principally argue that the redacted portions of the agreement are so confidential and proprietary that they should not be produced, even under the restrictive use and access provisions of the protective order already entered by the court, Record Doc. No. 41, and that the redacted portions are not relevant and therefore not discoverable. The unredacted document has been submitted to the court for in camera review under seal. Record Doc. No. 60-7.

In addition, defendants filed a "Motion to Post Bond to Obviate Need for Production of Purchase and Sales Agreement Without Redactions to Establish Successor Liability." Record Doc. No. 73. In light of this filing, I deferred ruling and provided the parties with an opportunity to confer toward possible amicable resolution of these motions. Record Doc. No. 71. Counsel have now provided a joint letter indicating that an agreement might be possible, but defendants persist in their position concerning the alleged confidential and proprietary nature of the agreement and "request that the Court review this issue." Record Doc. No. 75 at p. 1.

Having reviewed the record, the written submissions of the parties and the applicable law, Zurich's motion is GRANTED and defendants' motion is DENIED for the following reasons.

As to Zurich's motion, defendants' relevance objection is overruled. I find that plaintiffs' assertion of a successor corporation liability claim in their complaint, coupled with defendants' flat denial of that claim, makes the Purchase and Sale Agreement directly relevant to a claim and defense asserted in this case and therefore discoverable in its entirety. Fed. R. Civ. P. 26(b)(1). Defendants argue that the only provisions in the subject agreement relevant to the successor liability claim are Paragraphs 1.1(d) and (e) contained on pages 3 and 4 of the agreement, which have not been redacted. Record Doc. No. 66 at p. 4. This argument overlooks two aspects of the case that make the agreement relevant and discoverable in its entirety.

First, as illustrated by the successor liability decisions cited in Zurich's supporting memorandum, Record Doc. No. 60-2 at p. 4 (citing Munive v. Chet Morrison Offshore, LLC, No. 06-11203, 2008 U.S. Dist. LEXIS 13992, at *13 (E.D. La. Feb. 22, 2008); Chiasson v. Honeywell Int'l Inc., No. 05-5221, 2008 U.S. Dist. LEXIS 76936, at *38 (E.D. La. Aug. 29, 2008)), a variety of factors, some of which are reflected in the redacted portions of the agreement, are relevant to this kind of claim.

Second, the subject agreement itself makes Louisiana law applicable to its construction. Record Doc. No. 60-7 at p. 45, ¶ 10.7(a). Louisiana law provides: "Each provision in a contract must be interpreted in light of the other provisions so that each is

given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050; Sundown Energy, L.P. v. Haller, 773 F.3d 606, 612 (5th Cir. 2014); Franks Inv. Co. v. Union Pac. R. Co., 772 F.3d 1037, 1042 (5th Cir. 2014); 6126, L.L.C. v. Strauss, 131 So. 3d 92, 101 (La. Ct. App. 4th Cir. 2013). Thus, the fact that the two limited contract provisions upon which defendants rely may support their defense that there is no successor liability in this case does not render the remaining provisions in the 48-page agreement as a whole, plus its attachments, irrelevant to a determination of the successor liability claim.

As to defendants' argument that the redacted provisions are sensitive commercial or proprietary materials that must be protected from disclosure by redaction, defendants as the parties seeking to exclude this information from discovery bear the burden of proof to show that the redacted information is so confidential that the existing protective order is insufficient to protect it. See generally Fed. R. Civ. P. 26(c)(1); In re Roman Catholic Archbishop, 661 F.3d 417, 424 (9th Cir. 2011); Wilson v. Pharmerica Corp., No. CV 14-CV-12345-LTS, 2015 WL 4572833, at *2 (D. Mass. July 29, 2015) (citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)); Irizarry-Santiago v. Essilor Indus., 293 F.R.D. 100, 104 (D.P.R. 2013); KeyBank Nat'L Ass'n v. Perkins Rowe Assocs., LLC, No. 09-497-JJB-SC, 2010 WL 4866852, at *2 (M.D. La. Nov. 16, 2010); In re Terra Int'l, 134 F.3d 302, 306 (5th Cir. 1998); C.A. Wright & A.R. Miller, 8A Federal Practice and Procedure Civil § 2035 (3d ed.) (at Westlaw FPP § 2035). Defendants have presented no proof of any kind to support their argument that the redacted information is confidential or commercially sensitive in any way.

Defendants have generally described the redacted information in the memorandum of their counsel as "the purchase price for the business, schedules including customer lists, estimated working capital, names and salaries of executives and managers of the company, and names of employees who could not possibly have been a named party to the disputed claim." Record Doc. No. 66 at pp. 4-5. The commercially sensitive or proprietary nature of this kind of information is neither self-evident nor self-proving. The existing protective order restricts access to this information to persons who are not defendants' business competitors and to uses limited strictly to this litigation. Record Doc. No. 41. Nothing submitted by defendants in connection with this motion supports imposition of the extreme measure of redaction from this document, which is so clearly relevant to the case.

For all of the foregoing reasons, Zurich's motion is granted. Absent some agreement between the parties concerning the posting of a bond in lieu of production, defendants must produce the <u>un</u>redacted subject Purchase and Sales Agreement to plaintiffs, subject to the court's existing protective order, Record Doc. No. 41, no later than fourteen (14) days from entry of this order.

Defendants' related "Motion to Post Bond etc." is denied. No authority for such an arrangement in derogation of defendants' discovery obligations has been cited by defendants in support of this motion, and I know of none. While the parties are free to reach whatever agreement they find appropriate concerning this issue, the court will not

impose this proposed arrangement on them, in the absence of any law authorizing such an order.[1]

New Orleans, Louisiana, this ___9th___ day of March, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Concerning defendants' apparent desire to have the court determine the amount of any bond they might agree upon, I know of no basis for doing so, other than Local Rule 62.2 ("judgment [value] plus 20%").